The Honorable Jimmie Don McKissack State Representative 3418 Highway 65 South Pine Bluff, AR 71601
Dear Representative McKissack:
This is in response to your request for an opinion on the following questions:
 1. May a municipality destroy Internal Affairs Investigative files upon conclusion of the investigation?
 2. Is there a specific length of time a municipality should wait before doing this?
 3. Would it make a difference if the complaint giving rise to the investigation was founded or unfounded?
 4. Would it make a difference if the officer was terminated or suspended?
Your first question cannot be answered with a simple "yes" or "no" because the few Code provisions that address retention and destruction of public records offer little guidance on the matter.
It is my opinion, as a general matter, that the destruction of such files upon conclusion of the investigation would probably be imprudent, and at worst could implicate several criminal statutes. The destruction of any public records should, instead, be approached with utmost caution.
Unlike county records, municipal records have not been made the subject of any specific records' retention statute. See A.C.A. §§ 13-10-101 to -108 (Cum. Supp. 1993) (governing retention and destruction of particular county records). In response to your second question, therefore, there is no Arkansas Code provision addressing a time period for retaining the investigative files.[1] The fact that these files will likely fall within the scope of specific Arkansas Freedom of Information Act ("FOIA") requirements should, however, in my opinion, be noted when contemplating their destruction.
The contents of an internal affairs investigative file will probably constitute job performance records under the FOIA. A.C.A. § 25-19-105(c) (Supp. 1993). See generally Ops. Att'y Gen. 92-319 and 91-153. The FOIA establishes specific procedures with respect to such records. Id.
Although the FOIA does not expressly govern preservation or destruction of records, the penalty for negligently violating the FOIA must be noted. A.C.A. § 25-19-104 (Repl. 1992) (providing that anyone who "negligently violates" the FOIA shall be guilty of a misdemeanor). Certainly, if an FOIA request has been made, subsequent destruction of the records would constitute a violation. While imposition of the penalty when there was no pending FOIA request would be less certain, destruction of the files may at least raise the specter of the FOIA penalty, particularly in the absence of some explanation for the city's action.[2] The validity of the complaint and the outcome of the investigation do not, in my opinion, impact this analysis.
It is therefore my opinion that prudency dictates the adoption of a records' retention policy that would provide guidance for the official(s) charged with maintaining the files. This is further suggested by the Arkansas Public Records Management and Archives Act ("act") (A.C.A. §§13-4-101 et seq. (1987 and Cum. Supp. 1993)), which makes reference to freedom of information and public access laws.[3] Under this act, state and local officials are charged with responsibility for developing a records management program in accordance with guidelines set forth by the Arkansas History Commission. See A.C.A. § 13-4-105 (Cum. Supp. 1993). While there seems to be some question regarding the actual development of these guidelines (see Op. Att'y Gen. 94-085, which notes a lack of funding), consultation with the History Commission and the State Historian is contemplated under the act. The development of a policy for managing the files may also offer a means of avoiding an FOIA or other criminal law violation.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Public records that have been copied or reproduced may, as a general matter, be destroyed in accordance with A.C.A. §§ 14-2-203 (1987) and 16-46-101 (Repl. 1994 and Acts 566 and 454 of 1995).
[2] The other criminal statutes to be noted in this regard are found at A.C.A. § 5-54-121 (Repl. 1993) (making "tampering with a public record" a Class D felony, and including within the offense the knowing destruction of a public record "with the purpose of impairing the . . . availability" of the record) and § 13-4-110 (1987) (making it a misdemeanor to "knowingly . . . destroy" a public record except in accordance with any established procedures).
[3] Section 13-4-104(c)(1) states that "[n]othing in this chapter shall be construed as in contravention or in conflict with existing or subsequently enacted laws guaranteeing to the people of this state the rights of freedom of information or of public access to the records of the state."